IN THE MATTER OF THE ADOPTION OF ROBERT CECIL COOKE, III, GLENDA FAYE PEELE, PETITIONER v. ROBERT C. COOKE, JR.

No. 7412SC1012

(Filed 7 May 1975)

Adoption § 2— abandonment of child — incompetent evidence

In a trial to determine whether respondent had abandoned his child and was thus not a necessary party to an adoption proceeding instituted by the child's stepfather, the trial court erred in the admission of evidence of proper custody, the suitability of the stepfather as an adoptive parent and whether adoption of the child by the stepfather might be in the best interests of the child.

APPEAL by respondent from *Hobgood, Judge.* Judgment entered 30 August 1974 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 14 February 1975.

Respondent, Robert Cooke, is the father of Robert Cooke III, who was born of the marriage of respondent and Glenda Cooke (now married to Sidney Peele and known as Glenda Peele.).

Sidney Peele filed a petition to adopt the child. The court was asked to declare that respondent had abandoned the child and was, therefore, not a necessary party to the adoption proceeding. Respondent denied the abandonment and the issue was transferred to the Superior Court for trial.

The jury determined that respondent had willfully abandoned the child for at least six consecutive months immediately preceding institution of the proceeding.

*Bobby G. Deaver, for petitioner appellee.*

*Henry L. Anderson, Jr., for defendant appellant.*

VAUGHN, Judge.

Since there must be a new trial we will refrain from a recital of the evidence and say only that the conflicting inferences and conclusions arising therefrom presented a close question for the jury. The errors at trial are, therefore, especially prejudicial to respondent.

The sole issue at trial was whether respondent had abandoned his child.

The questions of proper custody, the suitability of Sidney Peele as an adoptive parent and whether adoption of the child by Peele might be in the best interests of the child were not for consideration by the jury. Nevertheless, incompetent and irrelevant evidence on these matters was allowed, over respondent's objection, to such an extent that it undoubtedly influenced if, indeed, it did not dominate, the jury's deliberations.

New trial.

Judges PARKER and MARTIN concur.